**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | | |
|---|---|---|
| SHELBEE HOGAN,<br>Plaintiff<br><br>v.<br><br>SCHOOL ADMINISTRATIVE UNIT 46 & MERRIMACK VALLEY SCHOOL DISTRICT,<br>Defendants. | ) | Civil Case No. 1:26-cv-00220-SM-AJ |

**JOINT DISCOVERY PLAN**
Fed. R. Civ. P. 26(f)

**DATE/PLACE OF CONFERENCE:** *Counsel for Plaintiff and counsel for Defendants conferred by email on August 18 and 19, 2026, and agreed upon the filing of this document.*

**COUNSEL PRESENT/REPRESENTING**:

**For Plaintiff:** Olivia F. Bensinger, Shaheen & Gordon, P.A.

**For Defendant School Administrative Unit 46 ("SAU 46"):** Joshua Scott, Jackson Lewis P.C.

**For Defendant Merrimack Valley School District ("MVSD"):** Marielle B. Van Rossum & Matt F. Quirk, Devine Millimet & Branch, P.A.

**CASE SUMMARY**

**THEORY OF LIABILITY**: Plaintiff alleges that Defendants interfered with her rights under the Family & Medical Leave Act ("FMLA") and further retaliated against her for utilizing those rights when they wrongfully terminated her following a verbal approval of FMLA leave.

**THEORY OF DEFENSE**: Defendants generally deny liability and the claim of damages.

**DAMAGES**: Plaintiff seeks all damages to which she is entitled, including lost wages and liquidated damages as well as attorney's fees and litigation costs as provided for by federal law.

**DEMAND:** August 21, 2026

**OFFER:** September 21, 2026

**JURISDICTIONAL QUESTIONS**: The parties are not aware of any jurisdictional questions at this time. The parties reserve the right to brief and argue any jurisdictional questions that may arise.

**QUESTIONS OF LAW:** Other than the issues raised in Defendant MVSD's partial motion to dismiss, the parties are not aware of any questions of law at this time. The parties reserve the right to brief and argue any questions of law that may arise.

**TYPE OF TRIAL**: Jury

**SCHEDULE**

**TRACK ASSIGNMENT:** STANDARD – 12 MONTHS

**TRIAL DATE:** The two-week trial period beginning September 21, 2027.

**DISCLOSURE OF CLAIMS AGAINST UNNAMED PARTIES:** If Defendant claims that unnamed parties are at fault on a state law claim (*see DeBenedetto v. CLD Consulting Engineers, Inc.,* 153 N.H. 793 (2006)), Defendant shall disclose the identity of every such party and the basis of the allegation of fault no later than October 16, 2026.

**AMENDMENT OF PLEADINGS:**

**Plaintiff:** November 16, 2026 **Defendant:** December 16, 2026

**JOINDER OF ADDITIONAL PARTIES:**

**Plaintiff:** November 16, 2026 **Defendant:** December 16, 2026

**THIRD-PARTY ACTIONS**: None anticipated.

**MOTIONS TO DISMISS:** October 16, 2026

**DATES OF DISCLOSURE OF EXPERTS AND EXPERTS' WRITTEN REPORTS AND SUPPLEMENTATIONS:**

**Plaintiff:** February 5, 2027 **Defendant:** March 9, 2027

Supplementations under Rule 26(e) are to be made seasonably pursuant to court rules. Should there be any expert reports, the parties will use the form specified in Fed.R.Civ.P. 26(a)(2).

**COMPLETION OF DISCOVERY:**

(1) Date all discovery complete: April 23, 2027
(2) Date for completion of discovery on issues for early discovery, if any: Not applicable

**MOTIONS FOR SUMMARY JUDGMENT:** May 24, 2027

**CHALLENGES TO EXPERT TESTIMONY:** April 8, 2027

**DISCOVERY**

**DISCOVERY NEEDED:** Depositions, interrogatories, requests for production, and requests for admission on issues relating to liability and damages, as well as defenses.

**MANDATORY DISCLOSURES (Fed. R. Civ. P. 26(a)(1)):** September 18, 2026

**INTERROGATORIES**: A maximum of 25 interrogatories by each party to any other party. Responses due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

**REQUESTS FOR ADMISSION:** A maximum of 25 requests for admission by each party to any other party. Responses due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

**DEPOSITIONS:** A maximum of 10 depositions by Plaintiff and 10 by Defendants. Each limited to a maximum of 7 hours unless extended by agreement of the parties. In the case of Rule 30(b)(6) depositions, in which a party may designate multiple individuals to address the topics identified in the notice, seven hours of deposition time shall "count" as one deposition.

Either party may seek permission for additional depositions from the court if necessary and subject to Fed. R. Civ. P. 26(b)(1) and (2). Depositions may be taken by video if both parties are in agreement as to the particular deponent.

**ELECTRONIC INFORMATION DISCLOSURES (Fed. R. Civ. P. 26(f)):**

(1) **Preservation:** The parties acknowledge that they have a common law and federal rules-based obligation to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody, or control. The parties shall agree to take the following steps to segregate and preserve ESI in order to avoid accusations of spoliation:

a. The parties have already and/or will place their clients and clients' employees on notice of their duty to preserve documents relating to the parties' claims and defenses.

b. The parties have already and/or will place their clients and clients' employees on notice of their duty to preserve all ESI that is relevant to the parties' claims and defenses in order to preserve all discoverable ESI in their possession, custody or control.

c. All parties shall seasonably supplement their disclosures in accordance with Rule 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made.

(2) **Location and Systems.** Plaintiff's personal devices, including his cell phone(s) and computer(s), Defendant's email and document management system (if any), and Defendant's email server(s) (if any), email systems and telephones of employees with any related information.

(3) **Scope of Search, Proportionality and Costs.** Each party shall promptly and reasonably search its reasonably accessible stored ESI for documents or information responsive to another

party's document requests, subject to and without waiving or limiting the right to object based on privilege, work-product, proportionality, or any other valid objection under Fed. R. Civ. P. 26 or 34.

In performing the searches, the searching party may make reasonable decisions to limit the searches in order to avoid needless redundancy and undue burden; provided, however, that the searching party shall keep track of the searches it conducts and shall identify the same to the requesting party at the time of production. In the alternative, the producing party may request the requesting party to provide reasonable search terms and parameters, and if an agreement is reached concerning search terms and parameters, only those search terms and parameters shall be required absent a showing of good cause for additional search terms or parameters.

(4) **Format and Mode of Transmittal.** ESI shall be produced in searchable PDF format, and native format where necessary to maintain the integrity of the data as kept in the usual course of business.

(5) **Phasing.** The parties do not believe that phasing discovery is necessary.

**PROPOSED STIPULATION REGARDING CLAIMS OF PRIVILEGE/PROTECTION OF TRIAL PREPARATION MATERIALS (Fed. R. Civ. P. 26(f)):**

The parties propose that the production of privileged or work-product protected documents, electronically stored information (ESI), or other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This provision shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

The parties propose that in the event a disclosing party inadvertently produces privileged materials, it will notify the requesting party of such disclosure as soon as it becomes aware of the inadvertent production. After the requesting party is so notified, it will return, sequester, or destroy all information and copies and will not disclose or use the information in the course of the litigation until the claim of privilege or protection as to trial preparation materials is resolved. The parties further propose that they will attempt to resolve disputes regarding the assertion of privilege between themselves. If they are unable to do so, the parties will file a motion with the Court for in camera review and a decision on the issue.

Nothing in this paragraph relieves the parties of their obligations under Rule 4.4(b) of the Rules of Professional Conduct for New Hampshire.

## OTHER ITEMS

**SETTLEMENT POSSIBILITIES:** It is premature to determine whether or not settlement of this case is a possibility. The parties will confer and reassess by November 16, 2026.

**JOINT STATEMENT RE: MEDIATION:** As of this date, the parties have not determined whether mediation will be suitable in this case. If the parties do agree to mediate, they will use a

private mediator, unless otherwise agreed. The parties will submit a joint statement regarding the suitability of mediation by November 16, 2026.

**TRIAL ESTIMATE:** 3 to 5 days.

**WITNESSES AND EXHIBITS:** No date necessary; to be set by the Court in connection with its scheduling of the final pretrial conference and the issuance of the trial assignment.

**PRELIMINARY PRETRIAL CONFERENCE:** Counsel for parties respectfully request the court waive attendance at the preliminary pretrial conference scheduled on August 26, 2026 upon approval of this Discovery Plan.

**OTHER MATTERS:** None at this time.

Respectfully submitted,
SHELBEE HOGAN

By her attorneys,
SHAHEEN & GORDON, P.A.

Date: August 19, 2026

*/s/ Olivia F. Bensinger*
Olivia F. Bensinger (Bar # 274145)
107 Storrs Street
Concord, NH 03302
(603) 225-7262
obensinger@shaheengordon.com

*and*

SCHOOL ADMINISTRATIVE UNIT 46

By its attorneys,

JACKSON LEWIS, PC.

Date: August 19, 2026

/s/ K. Joshua Scott
K. Joshua Scott, Esq., NHBA 17479
100 International Drive, Suite 363
Portsmouth, NH 03801
joshua.scott@jacksonlewis.com
(603) 559-2711 | Direct

*and*

MERRIMACK VALLEY SCHOOL DISTRICT

By its attorneys,

DEVINE, MILLIMET & BRANCH, P.A.

Dated: August 19, 2026

By: */s/Marrielle B. Van Rossum*

Marrielle B. Van Rossum #268100
Matthew F. Quirk #278212
111 Amherst Street
Manchester, NH 03101
(603) 669-1000
mvanrossum@devinemillimet.com
mquirk@devinemillimet.com

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was served via the Court's electronic filing system to all parties.

Date: August 19, 2026

*/s/ Olivia F. Bensinger*
Olivia F. Bensinger